Joseph L. Latwin, Esq. Informal Opinion Board of Fire Commissioners No. 2000-4 Town of Somers Fire District P.O. Box 300 Somers, New York 10589
Dear Mr. Latwin:
You inquire whether the board of fire commissioners of the Somers Fire District may require, as a condition of volunteer membership in a fire company, that prospective members have completed high school or earned a high school equivalency certificate. You state that the purpose of such a requirement would be to ensure that members have the ability to complete the required training courses and competently perform the duties of a firefighter. We conclude that nothing precludes the district board of fire commissioners from imposing such a requirement, and note that other alternatives exist as well to accomplish the board's expressed goals.
Section 176(11) of the Town Law provides in pertinent part that the board of fire commissioners may "adopt rules and regulations governing all fire companies and fire departments in said district." We have previously concluded that, because firefighting operations are fire district activities governed by the provisions of the Town Law and by the rules and regulations enacted by the board of fire commissioners, a board of fire commissioners is authorized to establish qualifications to hold line offices in a fire department. Op Atty Gen (Inf) No. 97-49.
While Town Law § 176-b sets forth certain requirements for membership in a volunteer fire department, subdivision 12 thereof states as follows:
 The provisions of this section shall not be deemed to authorize the election of any person as a member of a fire company, or the continuance of membership in a fire company as herein provided, if such election or continuance of membership shall be contrary to the by-laws, rules or regulations of the fire company or of the fire department of the fire district.
A fire district is obligated to furnish fire protection services to all property within its boundaries (see Town Law § 170; see also Op Atty Gen [Inf] No. 83-1). The proposed requirement that all prospective members have high school educations or equivalency certificates falls within the regulatory authority of the board, in that the rule is intended to ensure that the fire companies within its boundaries are capable of providing the statutorily mandated services. Therefore, we conclude that the board of fire commissioners may require that prospective members of a fire company possess high school diplomas or equivalency certificates.
However, we note that the requirement of a high school diploma may unnecessarily restrict the pool of potential volunteers. Prior opinions of the Attorney General have concluded that minors sixteen years and older are eligible to serve as volunteer members of fire departments.See Op Atty Gen (Inf) 85-53; Op Atty Gen [Inf] 84-62; 1977 Op Atty Gen [Inf] 149. We have been advised that in many fire districts high school students successfully act as volunteers and are valuable additions to their fire companies. Therefore, as an alternative to the requirement of a high school diploma or equivalency certificate, the board of fire commissioners could consider requiring that all new volunteer members attend the certified training program which is currently mandated only for paid firefighting personnel in New York. See 19 NYCRR Part 426. (The program is available to volunteer firefighters on a voluntary basis.) The state's certified training program, which is more rigorous than the training mandated for volunteer firefighters (see, Labor Law Art. 27-A), is designed to be an accurate gauge of a firefighter's ability to perform his or her duties. The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
WILLIAM E. STORRS, Assistant Solicitor General